Richardson, J.:
The judgment of the court is that the claimants recover the sum of $58,260, and that the defendants’ counter-claim be dismissed.
I am' still of opinion that the decision of a majority of the court at the former hearing of this case on demurrer was correct (12 C. Cls. R., 237).
On careful reconsideration of the questions of law involved, I cannot bring my mind to the opinion that, when by the transfer act (15 Stat. L., 324) Congress authorized the Kansas Pacific Railroad Company to sell and transfer part of its property and franchise to the claimants, with power to mortgage the same for $32,000 per mile of road, it intended that the United States should have the large mortgage, which they held from the Kansas Company extended over the property and road of the claimants thus authorized to be transferred to them.
I cannot believe that Congress would encourage, countenance, or permit that most objectionable business operation, so hazardous and pernicious, and so frequently leading to fraud, as *394 tbe selling of part of a large property, subject to incumbrances on tlie whole for debts of others than the'purchasers.
Sucha gross departure from correct business principles, which must inevitably lead to embarrassment and litigation, if not to ruin, cannot be contemplatedbyme as within the possible intention of the wisdom of Congress; and I search in vain to find any such unusual and ruinous obligation set forth in the statutes in language which can reasonably bear that construction, or which clearly indicates such an understanding on the part of the contracting parties or of Congress.
The exhaustive opinion of the court upon the demurrer, reviewing the provisions of the Pacific Railway acts bearing upon the questions of law here involved, render it necessary to refer to them again.
Davis, J.:
The argument on the demurrer in this case and the decision of the court upon it cover all the questions of law which are raised by the findings of fact on this trial. I therefore regard the points covered by that decision as res adjudicates in this forum, and concur in the judgment of the court on that ground solely.
Drake, Ch. J.:
I adhere to the views expressed in my dissenting opinion on the demurrer in this case as reported in 12 C. Cls. R., and therefore dissent from the judgment of the court; but consent to the entry of the judgment, as Judge Nott concurred with Richardson and Davis, JJ., in rendering the same.
Nott, J., was absent when this case was tried and'when the decision was announced, but concurs in the opinion read by Mr. Justice Davis, and, upon the merits, in the opinion of Mr. Justice Richardson.